THE PEOPLE OF THE STATE OF NEW YORK ex rel.. LOUIS MIZNER, Relator, v. LUTHER M. HAIR and Others, Referees, Respondents.

29    125|
74    253'
29    125|
142a  150|
29    125
85    611

*Commissioners of highways of the village of Penn Yan — power of, to discontinue a street — 1864, chap. 258, tit. 5, sec. 10 — Certiorari — errors in the admission and rejection of evidence cannot be reviewed by — Code of Civil Procedure, sec. 2140.*

Certiorari to review the proceedings had before the defendants, as referees appointed upon the appeal of the relator from an order of the trustees of the village of Penn Yan, altering and discontinuing certain parts of Hamilton street in such village.

The trustees of the village of Penn Yan, upon the petition of the Northern Central Railroad Company and some sixty citizens and taxpayers of such village, made an order changing Hamilton street in such village so as to run the same east of the railroad tracks to Jacob street, and in front of the railroad passenger depot, and discontinued that part of the street crossing the railroad tracks.

The relator contended that the trustees of the village had no power to make the order changing or discontinuing the highway, without the certificate of a jury certifying to the necessity of such alteration and discontinuance as required by chapter 465 of the Laws of 1877.

The court at General Term said : " Section 10, title 5, of chapter 258 of the Laws of 1864, being an act to amend and consolidate the several acts in relation to the charter of the village of Penn Yan, provides : ' The trustees shall be commissioners of highways in and for said village, and shall have all the powers of commissioners of highways of the several towns of this State subject to this act. *They shall also have the power to regulate, repair, amend, discontinue, alter and clean* the streets, alleys, highways, bridges, side and. cross-walks, drains and sewers in said village, and to prevent the incumbering of the same in any manner, and to protect the same from encroachment and injury.'

" Under this statute they are first given the powers of commissioners of highways. In addition to that they are also given the power to discontinue, alter and clean, etc. If it was intended that

this power to alter and discontinue was to be subject to the certificate of the jury for that purpose the statute should have so stated. This power appears to be express and unqualified, and our conclusion is that the certificate of the jury in this case was not required.     *     *     *

"It is contended further that illegal and improper evidence was received by the referees upon this hearing.

"Section 2140 of the Code makes provision as to the matters that shall be considered by the court on review upon *certiorari*. It provides: 'The questions involving the merits to be determined by the court upon the hearing are the following only:

"'*First.* Whether the body or officer had jurisdiction of the subject-matter of the determination under review.

"'*Second.* Whether the authority conferred upon the body or officer in relation to that subject-matter has been pursued in the mode required by law in order to authorize it or him to make the determination.

"'*Third.* Whether in making the determination any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

"'*Fourth.* Whether there was competent proof of all the facts necessary to be proved in order to authorize the making of the determination.

"'*Fifth.* If there was such proof, whether there was upon all the evidence, such a preponderance of proof against the existence of any of those facts, that the verdict of a jury affirming the existence thereof, rendered in an action of the Supreme Court triable by a jury, would be set aside by the court as against the weight of evidence.'

"This section of the Code has heretofore been considered by this court in the case of *The People ex rel. Penfield* v. *The Board of State Assessors* (decided in October, 1881), and it was then held that decisions as to the admission and rejection of evidence cannot be reviewed by *certiorari* under this section. (See, also, *Birdsall* v. *Phillips*, 17 Wend., 465; *Haviland* v. *White*, 7 How., 155; *People* v. *Highway Commissioners*, 30 N. Y., 76.)

"Most of the evidence objected to had reference to the intention of the railroad company in building and maintaining a passenger

depot upon the proposed altered street. The object and necessity for the change in the highway was the principal subject of inquiry.

The passenger depot of a railroad company is a place necessarily frequented by the traveling public. Its location and access by streets and sidewalks are questions in which the people are interested, and we see no reason why the intention of the railroad company as to its location cannot be made the proper subject of inquiry in locating the highway."

*M. A. Leary*, for the relator.

*Wood, Butler & Morris*, for the respondents.

Opinion by HAIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Order appealed from affirmed, with costs not to exceed fifty dollars.